IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATHRYN LANGLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-2426-STA-dkv |
| ) | |
| WAL-MART STORES INC., and/or ) | |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Wal-Mart Stores East's ("Defendant") Motion for Summary Judgment (D.E. # 21), filed August 29, 2013. Plaintiff Kathryn Langley ("Plaintiff") filed a Response (D.E. # 23) on September 26, 2013. Defendant filed a Reply (D.E. # 27) on October 11, 2013. For the reasons discussed herein, the Court **DENIES** Defendant's Motion for Summary Judgment.

**BACKGROUND**

The Court finds the following facts undisputed for the purposes of summary judgment.

Defendant's store at issue in this case is the Neighborhood Wal-Mart Store ("Wal-Mart"), located at 6520 Memphis Arlington Road, Bartlett, TN 38135. (Langley Dep. 15:19-23; Compl. ¶ 2). On April 20, 2011, Plaintiff was walking toward the front entrance of Wal-Mart in order to enter the store. (Langley Dep. 15:16-23, 33:18-20; Compl. ¶ 4). She was with her daughter, Rebecca Biggs ("Biggs") and her granddaughter, Kathryn Biggs. (Langley Dep. 33:21-23). She was wearing Reebok shoes. (Biggs Dep. 18:11-12; Langley Dep, 68:23-69:4).

1

As Plaintiff walked to get a buggy, she was looking ahead. (Langley Dep. 65:1-3). There was nothing blocking her view. (*Id.* 34:13-16). As she approached the entrance to the store, Plaintiff fell in front of the sliding doors used to enter the store. (*Id.* 34:3-4, 48:6-49:19; Def.'s Exhibits 2, 4, 5, D.E. # 21-2). There was a rough spot or a rise in the concrete, which Plaintiff tripped on, causing her to fall and stub her toe and break her hip. (Langley Dep. 44:24-45:9, 56:17-18, 66:5-6). The walkway where Plaintiff fell is made up of two different concrete slabs, which are different shades.[1] (*Id.* 63:13-21; Biggs Dep. 1-2). The rise in the concrete is located at the spot where the two different slabs of concrete meet. (Biggs Dep. 28:3-5).

Before Plaintiff's fall, she had been to this Wal-Mart three to four times per month for six years. (Langley Dep. 31:14-32:12). Every time Plaintiff went to the Wal-Mart she used the same entrance she used on the day of her fall. (*Id.* 32:13-24). Plaintiff is not aware of any construction or change to the entrance she used. (*Id.* 33:1-14). Plaintiff had never fallen or almost fallen going in or out of the entrance before. (*Id.* 33:15-17).

## **STANDARD OF REVIEW**

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In reviewing a motion for summary judgment, the court "may not make credibility determinations or weigh the

---

[1] Plaintiff marks this fact as disputed, but she cites to her deposition where she says, "it's two different kinds of concrete," (Langley Dep. 63:14-15), and to her daughter's deposition, where Biggs says, "It's two different shades," (Biggs Dep. 28:2). Further, Plaintiff's Response to Defendant's Statement of Undisputed Facts states, "in the technical sense of two different shades of colors being made separate colors, that is admitted." Since Plaintiff admits that the concrete was two different shades and points to evidence supporting this fact, the Court considers this fact undisputed for the purposes of summary judgment.

[2] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

2

evidence[,]"[3] but instead must view the evidence in the light most favorable to the nonmoving party.[4] When the movant supports their motion with documentary proof such as depositions and affidavits, the nonmoving party may not rest on her pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[5] It is not sufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts."[6] These facts must constitute more than a scintilla of evidence, and must rise to the level that a reasonable juror could find by a preponderance of the evidence the nonmoving party is entitled to a verdict.[7] To determine whether it should grant summary judgment, the court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[8]

A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial."[9] The Sixth Circuit interprets this to mean that "the nonmoving party . . . 'put up or shut up' [on] the critical issues of his asserted causes of action."[10]

---

[3] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[4] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[5] *Celotex*, 477 U.S. at 324.

[6] *Matsushita*, 475 U.S. at 586.

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[8] *Id.* at 251-52.

[9] *Celotex*, 477 U.S. at 322.

[10] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

# ANALYSIS

Under Tennessee law, "[t]o bring a successful negligence claim, the plaintiff must establish each of the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, causation."[11] Defendant argues that it is entitled to summary judgment because it had no duty to Plaintiff and that, even if it did, Plaintiff's fault was equal to or greater than Defendant's. The Court addresses each argument in turn.

## Duty

Duty, the first element of a negligence claim, "is the legal obligation a defendant owes to a plaintiff to conform to a reasonable person standard of care in order to protect against unreasonable risks of harm."[12] Whether the defendant owes a duty to the plaintiff "is entirely a question of law for the court."[13]

In premises liability cases, the owner or possessor of the premises owes a duty "to exercise reasonable care under the circumstances to a guest (licensee) or business invitee."[14] "A 'risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to

---

[11] *Staples v. CBL & Assocs., Inc.* 15 S.W.3d 83, 89 (Tenn. 2000).

[12] *Id.*

[13] *Bradshaw v. Daniel*, 854 S.W. 2d 865, 869 (Tenn. 1993).

[14] *Coln v. City of Savannah*, 966 S.W. 2d 34, 40 (Tenn. 1998) (overturned on other grounds).

engage in alternative conduct that would have prevented the harm.'"[15] Where a danger to the plaintiff is open or obvious, that does not "*ipso facto*, relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm."[16] Thus, "if the foreseeability and gravity of harm posed from a defendant's conduct, even if 'open and obvious,' outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care."[17]

Defendant argues that it owed Plaintiff no duty because the rise in the concrete was obvious and it was not foreseeable that Plaintiff would trip over it and injure herself. The Court disagrees.

The Parties dispute whether the rise in the concrete was obvious. Defendant points out that during Plaintiff's deposition, when asked whether the rise was obvious and whether she could have seen it if she was looking for it, Plaintiff responded, "If I had been looking for it, yes, I would have seen it."[18] However, Plaintiff made this comment while explaining that she believed Wal-Mart should have noticed the rise when they were doing a check on the grounds.[19] Plaintiff also testified that she did not see the crack until she was on the floor.[20] Therefore, in the

---

[15] *Burroughs v. Magee*, 118 S.W. 3d 323, 329 (Tenn. 2003) (quoting *McCall v. Wilder*, 913 S.W. 2d 150, 153 (Tenn. 1995).

[16] *Coln*, 966 S.W. 2d at 43.

[17] *Id.*

[18] (Langley Dep. 56:22-57:1).

[19] (*Id.* 56:10-24).

[20] (*Id.* 45:7-9).

light most favorable to plaintiff, the Court cannot conclude that Plaintiff admitted that the rise was obvious.

Even if the rise in the concrete was obvious, that is not determinative of whether Defendant owed Plaintiff a duty of reasonable care. The rise in the concrete was at the entrance to the Wal-Mart where, presumably, people entered and left the store on a daily basis. With such traffic over this area, it was foreseeable that a person might trip over the uneven concrete and fall. As seen in Plaintiff's case, the potential for severe injury existed. Further, as Defendant could have placed signs warning of the rise, among other measures, the cost to Defendant to avoid the harm was minimal. Therefore, even if the rise was obvious, the "foreseeable probability and gravity of harm posed by defendant's conduct outweigh[ed] the burden upon defendant to engage in alternative conduct that would have prevented the harm."[21] As such, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances.

## Comparative Fault

Having determined that Defendant owed Plaintiff a duty, the Court will address whether Defendant is entitled to summary judgment based on Plaintiff's comparative fault.[22] In Tennessee, "'so long as plaintiff's negligence remains less than the defendant's negligence, the plaintiff may recover.'"[23] Although the issue of comparative fault "is typically a question for the trier of fact, summary judgment is appropriate in those situations where reasonable minds could

---

[21] *Burroughs*, 118 S.W. 3d at 329.

[22] "[O]nly after a duty is established does comparative fault come into play." *Id.* at 42.

[23] *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 366 (Tenn. 2012) (quoting McIntyre v. Balentine, 833 S.W.3d 52, 56 (Tenn. 1992)).

6

only conclude that . . .the plaintiff's fault was equal to or greater than the fault of the defendant."[24]

Viewing the evidence in the light most favorable to the plaintiff, the Court cannot conclude that the issue of Plaintiff's fault is appropriate for summary judgment. Although Defendant argues that Plaintiff admitted that the accident was her fault, the evidence is not so one-sided that reasonable minds could only conclude that Plaintiff's fault was at least equal to Defendant's. During her deposition, Biggs stated she recalled that Plaintiff said the fall was her fault at the time of the accident. However, Biggs also opined that Plaintiff said this because she was embarrassed that she had fallen. Additionally, when asked at her own deposition whether she had told the Manager of Wal-Mart that the fall was her fault, Plaintiff answered, "No. I don't know whose fault it was." Therefore, the issue of Plaintiff's comparative fault is one for the jury and summary judgment is not appropriate.

## CONCLUSION

Because Defendant owed Plaintiff a duty and the issue of Plaintiff's comparative fault is one for the jury, the Court **DENIES** Defendant's Motion for Summary Judgment.
**IT IS SO ORDERED.**

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: October 23, 2013.

---

[24] *Green v. Roberts*, 398 S.W.3d 172, 178 (Tenn. Ct. App. 2012), appeal denied (Jan. 12, 2013) (internal quotations omitted, alteration in original).